UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:08-521

KRISTIN HIX,                                                    PLAINTIFF

v.                          **OPINION AND ORDER**

AFFILIATED COMPUTER SERVICES, INC.,
and ANN VEZINA,                                                 DEFENDANTS

* * * * * * *

This matter is before the Court on Plaintiff's motion to remand.  For the following reasons, Plaintiff's motion is granted.

**I. Background**

Kristin Hix ("Hix") is a former employee of Affiliated Computer Services, Inc. ("Affiliated"). Hix brought this action in state court against Affiliated and Ann Vezina ("Vezina"), her former boss and direct supervisor, claiming that she was wrongfully discharged and retaliated against in violation of the Kentucky Civil Rights Act, KRS Chapter 344.  Although the relevant facts are not fully set forth in her complaint, Hix alleges that she was discharged in retaliation for requesting medical leave and accommodations associated with her cancer treatments.[1]

Defendants removed the case to this court on the basis that Vezina was fraudulently joined. In their notice of removal, Defendants state that there is no individual liability under the Kentucky Civil Rights Act for Hix's allegations of discriminatory discharge and retaliation. [R. 1, Notice of Removal, p. 2-3; R. 1, Attach. 4, Complaint, p. 2]  In their response to Hix's motion to remand,

---

[1]Although the Complaint does not discuss Vezina's relationship with Hix or Affiliated, subsequent motions provide the necessary background. [R. 9, Response, p. 2].

Defendants alter their argument and assert that the complaint fails to allege the factual basis for a claim of retaliation under § 344.280 of the Kentucky Civil Rights Act. In response, Hix argues that Vezina is a proper defendant because she can be individually liable for retaliation under § 344.280.

## II. Standard

The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Id.*

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id.* The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might

2

impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id.* Therefore, Defendants bear the burden of showing that there is not even arguably a reasonable basis for predicting that Kentucky law might impose liability on Vezina.

## III. Analysis

This action must be remanded to state court because state law might impose individual liability on Vezina. Section 344.280 of the Kentucky Civil Rights Act provides:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter . . .

As noted by the Sixth Circuit, this section "plainly permits the imposition of liability on individuals" for acts of retaliation. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). From the complaint, it is clear that Hix intends to bring a retaliation claim against Vezina in her individual capacity. Kentucky law allows such claims, and Defendants present no evidence establishing that Hix cannot bring her claim against Vezina in state court. Accordingly, Vezina was not fraudulently joined and the action must be remanded.

Defendants argue that this case was properly removed because the complaint fails to allege the facts necessary to establish a retaliation claim under § 344.280. Specifically, Defendants note that not only does the complaint fail to allege any facts supporting the necessary elements of Hix's retaliation claim against Vezina, it fails to establish that Vezina was an employee of Affiliated and had authority to terminate Hix. Although accurate, the argument improperly focuses on the

complaint's shortcomings rather than the possibility that Vezina may face individual liability under Kentucky law.[2]  While such analysis is appropriate when considering a motion to dismiss, it is not appropriate when deciding the jurisdictional issues raised in a motion to remand.  As the Third Circuit has explained, "the inquiry into the validity of a complaint triggered by a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* is more searching than that permissible when a party makes a claim of fraudulent joinder.  Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).  In this case, the state court may eventually dismiss Vezina if it determines that Hix has failed to state a claim against her.  However, Defendants cannot rely on that possibility to establish that Hix has no cause of action against Vezina under state law.  Therefore, the Court cannot conclude that Vezina was fraudulently joined and the action must be remanded to state court.

**IV. Conclusion**

Because Kentucky law might impose individual liability on Vezina, she was not fraudulently joined and the Court lacks jurisdiction over this matter.  Accordingly, it is **HEREBY ORDERED** that:

1)      Plaintiff's Motion to Remand [R. 4] is **GRANTED**;

2)      Defendant's Motion to Compel Arbitration and to Dismiss or in the Alternative to Stay Proceedings Pending Arbitration [R. 8] is **DENIED as MOOT**; (or without prejudice and subject to renewal in state court)

---

[2]Further, Defendants have not demonstrated that Hix would not be allowed to amend her complaint to cure any alleged deficiencies.

3)      This action is **REMANDED** to Fayette Circuit Court pursuant to 28 U.S.C. § 1447(c)

and shall be **STRICKEN** from the active docket of this Court.

Dated this 27TH day of July, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

5